Gilmore, J.
Section 38 of the probate court act (S. & C. 1218) provides that: “ The person desiring to take an appeal, as provided in section 3, shall within twenty days after the making of the order, decision, or decree from which lie de-ires to appeal, give a written undertaking, executed on the fart of the person appealing, to the adverse party, with one or more sufficient sureties to be approved by the probate judge, and conditioned that the party appealing shall abide and perform the order, judgment, or decree of the appellate court, and shall pay all moneys, costs, and damages which may be required of or awarded against said party by such' court.”
Under this section the appellant sought to appeal from the final decision of the probate court to the court of common pleas.
The first question is, whether an undertaking in appeal signed by sureties, but not signed by the appellant, is sufficient to sustain the appeal.
The court of common pleas could obtain jurisdiction of the case only by appeal in conformity with the requirements of the section quoted, in which there is no express provision that the undertaking need not be signed by the appellant, as in section 112 of the justices’ act; neither, on ■the other hand, are there words expressly and in terms requiring the appellant to sign the undertaking. The question, therefore, is one of construction, by which the intention of the law-maker is to be ascertained.
If doubts exist as to the sense in which it was intended that certain words in the section should be understood, and a uniform rule, established by the practice of the courts, has long prevailed in the state, under statutes on the same subject, and in words substantially the same, the construction *134 that will bring this case within such uniform role will be given to the words.
In The State of Ohio v. Bowman, 10 Ohio, 445, under a statute that required that the county treasurer previous to his entering upon the office, “ shall give bond with four or more freehold sureties,” etc., the court held that a treasurer’s bond was good agaiust the sureties who signed it, although the treasurer neither signed nor sealed it. The words “ with ” sureties were held' to mean by sureties; and it was said that this would do no violence to the statute. In this case it is further said, “ that in the statute which regulates appeals to the supreme court, the language used with regard to the appeal bond is substantially the same, and yet it has been repeatedly held that such bonds are good, although they are only executed by the sureties.”
Section 712 of the code, in resjrect to appeals from the common pleas to the district court, provides that “ the party desirous of appealing shall give an undertaking with one- or more sufficient sureties,” etc. Under this section, the undertaking in appeal given by the sureties without being-signed by the appellant is good, and so far as I know the prevailing practice throughout the state is that such undertakings are executed by the sureties alone, and certainly the object of the law is thereby fully attained, for the appellant will be bound by any judgment that may be rendered by the appellate court, without obligating' himself-by an undertaking to be so bound. Where, therefore, the statute giving the right to appeal, does not in express terms require the appellant to-sign the appeal bond, courts-never require it.
It is contended by counsel for defendant in error, that the section above quoted does expressly require the appellant to sign the undertaking in appeal—that the words,. “ executed on the part of the person appealing,” preceded and followed as they are by a comma, will admit of no other construction. We do not. concur in this view. We think it will do no violence to the section to follow the ruling of the court in Bowman’s case above cited, and hold *135 that the words with sureties must be construed to mean by sureties. The punctuation may stand as it is, and with this construction the reading will be, “ give a written undertaking, executed- on the part of the person appealing, to the adverse party, by one or more sufficient sureties.”
Another admissible construction would be to construe the words “ on the part of” to mean “on behalf of.” This construction, we believe, expresses the legislative intent;, for we can conceive of no reason why the legislature, by the section under consideration, should have intended to-require the appellant to sign the undertaking, when such signing was not, and never had been required in this state, by any statute, of which I am aware, regulating appeals from one judicial tribunal to another, and the practice of the courts does not, and never did require it.
There was error in dismissing the appeal, on this ground, by the court of common pleas.
2. The insufficiency of the condition of the undertaking was made another ground for the motion to dismiss.
The motion may have been sustained on this ground, although the record does not show the fact. It therefore becomes necessary to notice and dispose of this second objection.
The formal part of the undertaking was perfect, but omitted some of the conditions required by the section regulating the appeal. The appeal was from the decision of the probate court overruling exceptions filed to the accounts of the executor, and in no event could a judgment be rendered against the appellant for anything more than costs on an affirmance of the decision appealed from. The condition of the undertaking was that the appellant “ shall pay the costs that may have accrued thereon; and that may accrue thereon in the court of common pleas in case the-decision of said probate court should be affirmed,” etc. The undertaking was too substantial, in both form and substance, to be treated as a nullity, and it should not have been so treated, unless the jurisdiction of the court of common pleas in appeals from the probate court, for the purpose *136 of amendment, docs not attach until an undertake g is filed, containing all the conditions prescribed by the section giving the appeal. A rule so strict would tend to defeat, rather than promote the administering of justice in our courts. We think the undertaking in this case was sufficient in form and substance to give the court of common pleas jurisdiction of the cause for this purpose.
On the motion to dismiss the appeal being made, the appellant, with the consent of her sureties, moved for leave to amend the undertaking in such manner as the court might direct. This latter motion was overruled, on the ground, it is presumed, though not shown by the record, that the court had no power to permit the amendment to be made.
Did the court err in this respect? We think it did. While it is true that the court of common pleas could obtain jurisdiction of the case on appeal only in pursuance' of the statute authorizing it, we have found that the statute had beeu strictly complied with in all its requirements, except as to the condition of the undertaking, and that it did sufficiently comply in this respect to give the court jurisdiction for the purpose of amendment. Therefore, when ■the motion to amend was made, the cause was pending in the court of common pleas, and the provisions of the code were applicable to the case. Previous to the act of April 8, 1857, which expressly authorizes the amendment of defective undertakings in appeals from the court of common pleas to the district court, the power to order an amendment in (he latter court, in such cases, depended alone upon the provisions of section 137 of the code.
In Irwin v. The Bank of Bellefontaine, 6 Ohio St. 81, which -was decided in 1856, it was held that, “ steps taken by filing an appeal bond to vacate a judgment of the court of common pleas, and to transfer the action for trial to the district court, is a proceeding in an action; and the 137th •section of the code, which authorizes courts to permit an ■amendment, of a mistake, in 'any respect, in any proceeding, is applicable to appeal bonds, aud mistakes therein may, by consent of sureties, be amended in the appellate court, *137 ■or a new bond, byway of amendment, maybe filed.” This case is directly in point. Section 137 of the code remains unchanged. The court of common pleas, into which the case has been transferred on appeal, as above stated, had power to permit the undertaking to be amended by virtue of the provisions of the last named section. The court, therefore, erred in overruling the motion of the appellant for leave to amend.
Motion granted. The judgment of both courts below reversed, and the cause remanded to the court of common pleas for such further proceedings as may be authorized by law.

Judgment accordingly.